## Appeal of Deborah G. Harris et al.; John L. Lewis's Estate.

The fact that one of the heirs has received an advancement does not prevent partition of the other lands of the decedent by the orphans' court.

(Argued May 2, 1887. Decided May 16, 1887.)

July Term, 1886, No. 69, E. D., before MERCUR, Ch. J.,

NOTE.—Nor will the fact that a petitioner has taken property in excess of his share prevent an application by him for partition. Dech's Estate, 7 York Legal Record, 43. But in the distribution, the interests will be determined. Armstrong v. Walker, 150 Pa. 585, 25 Atl. 52. But see Lentz v.

GORDON, TRUNKEY, STERRETT, and GREEN, JJ. Appeal from a decree of the Orphans' Court of Union County confirming proceedings in partition. Affirmed.

The facts are stated in the following opinion delivered by BUCHER, P. J., upon entering the decree in the court below:

On July 3, 1885, Samuel H. Orwig, Esq., attorney for certain heirs of John L. Lewis, deceased, filed five exceptions to the partition proceedings. These exceptions were not verified by affidavit. Then on September 21, 1885, seven additional exceptions were filed, supported by the affidavits of Sarah J. Lewis *et al.* These last exceptions involve all the material questions for solution. The first exception is very lengthy and recites certain facts found by the master in the equity proceedings brought by the exceptors against Thomas S. Lewis, to enforce an alleged parol agreement had with his father, John L. Lewis, for a parol partition of the lands described in the bill, the bulk of which lands are involved in the partition proceedings before us.

It is true the master did find that John L. Lewis had the legal title to the real estate described in the exceptions at the time of his death, and that Thomas, the son, had made a verbal agreement with him for a parol partition; but he further found that this agreement was in violation of the statute of frauds and therefore a nullity, because it had not been executed by the parties taking possession of their respective purparts. His report dismissing the bill was sustained, not only by this court but by the supreme court as well.

It is difficult to see how the conclusions of the master in that case can affect the partition proceedings before us.

The second exception avers that Thomas took half of the Clingan farm, and the whole of the Kelly farm as an advancement from his father. This exception will be disposed of hereafter.

The third exception avers that John L. Lewis, the father, died seised of the whole of the Clingan farm. How this can be maintained in the face of the fact that the title to the same is given in evidence by the exceptors, which declares that the legal title is in Thomas as to the undivided half, with the superadded fact that

Hertzog, 4 Whart. 520. Such being the rule, the heir who has received an advancement is a necessary party in interest in such proceedings. Datt's Estate, 34 Pittsb. L. J. 349, 3 Del. Co. Rep. 227, 4 Lanc. L. Rev. 169; Ragan's Estate, 7 Watts, 438; Blanchard . Com. 6 Watts, 309.

the exceptors themselves allege that the father advanced the land to the son, is more than we can comprehend. If the son had been advanced this land by the father, it is clear that the father could not have died scised of it, unless the son had reconveyed to him, which is neither alleged nor pretended.

The fourth exception is that the son has possession of the Centre county farm of 173 acres, and has not included it as well as the Kelly place, as well as the undivided half of the Clingan farm, in the partition proceedings. We have already seen that the legal title to the Kelly farm as well as the Clingan is in the son, and that the father did not die seised of them. The Clingan farm is included in the partition proceedings, so far as the interest of the father was concerned, to wit, the undivided half; because the proper title shows that the father and son were co-tenants in common in this farm. Indeed, the allegation of the exceptors is that Thomas took them from his father as advance-ments. It is impossible that the father could have advanced them to the son, and still die seised of them. If Thomas took them as advancements from the father, the title to them was in him, and it would have been error for him to have included his own lands in a proceeding to part and divide his father's lands.

As to the Centre county farm it is undeniable that the legal title to the same was in the father at the time of his death.

If he be still the owner, it should have been included in the partition proceedings, because the law only contemplates one partition of the lands of a decedent. If the son admitted the seisin of the father, the contention of the exceptors would be right, and the omission to include this farm would be fatal to the proceedings. But he denies the ownership of the father in the Centre county farm. He claims that he is the owner. The equity proceedings given in evidence by the exceptors disclose that the master found as a fact, and the evidence fully justified the finding, that the son took possession of this farm prior to 1843, and in that year or 1844 erected a house, and in 1851 or 1852 a barn, on the premises. The proof is undeniable that he has had possession and control of this property from that time until this, and that he claims to be the owner.

The result is that although the legal title was in the father at his death in 1869, and he might have died seised in law, yet he did not die in the actual possession. This possession was in the son upwards of twenty-six years before the death of his father,

and has thus remained. Thomas then claims this farm by adverse possession for forty years and upwards. If his title by adverse possession cannot be maintained, the exceptors will be tenants in common with him. Whether his claim is good, bad or indifferent cannot be decided here.

The orphans' court has no jurisdiction to try title to land. A feigned issue might be awarded to the common pleas, but it would be useless and decide nothing. The only place to try the title is in the county of Centre, where the lands lie, and the only remedy is by action of ejectment in the common pleas.

The refusal to include the Centre county farm, held adversely by Thomas, in the partition proceedings is no reason to set them aside. The books are teeming with authorities to sustain this. "The orphans' court cannot decree partition where one of the heirs claims to hold one of the purparts of the land in severalty. And it is immaterial that he assented to the partition before the inquest, if he objected before the confirmation of the proceedings in partition." *Re* Eell, 6 Pa. 457; 43 Pa. 480; Law v. Patterson, 1 Watts & S. 184.

It is error for a jury of inquest of partition and valuation to include in its proceedings lands held adversely to the heirs, and such error will set aside the inquisition. McMasters v. Carothers, 1 Pa. St. 324; 43 Pa. 479, 480; 32 Pa. 201; 13 Serg. & R. 93.

Partition will not be decreed in the orphans' court when the party in possession claims to be the sole owner of the property. Flaherty's Estate, 5 Phila. 477.

The fifth exception is without merit and is dismissed, because "if Thomas already has his share of the estate in lands advanced to him by his father, it" will not defeat this partition.

The sixth assigns for error the neglect to set out in the petition that Thomas has been advanced. This neglect does not vitiate the petition, even if it be true that Thomas has been awarded his full share of the real estate; that does not devest his title to the real estate remaining at the death of his father and disqualify him from instituting proceedings in partition proceedings thereon. The only effect that this could have would be to diminish the share he would receive in the distribution. The fact then that the son was advanced will not defeat the partition. The orphans' court may exercise its jurisdiction over advancements after partition, as was done in Blanchard v. Com. 6 Watts, 309.

A decree in partition is conclusive of the right between the parties to the land to be divided or allotted, but nothing more; and it is not too late after partition to settle matters of advancements to some of the parties, and consequently the distribution of the valuation money among those entitled.   57 Pa. 467.

If the amount of the advancements be known it is the better practice to state them in the partition for inquest to the end that it will greatly facilitate the distribution among the heirs.

There is some evidence that Thomas, the son, has been advanced by the father; but the value of the estate of the father is not made manifest by the testimony.   We know not the value of the personal estate, as we find no account of administration has been filed, although the decedent died in 1869.   It may be that the other heirs may have been advanced too, as well as Thomas. While it would be advantageous to the heirs to know the amount that has been advanced to each before the lands are allotted in partition, yet this need not arrest the proceedings.   Each heir is presumed to know what he or she has received.   It is sufficient to know that the failure to ascertain this will not defeat the partition.   It can go on, and when the lands are allotted provision can and will be made for the advancements in the recognizances, as was done in Blanchard v. Com. 6 Watts, 309; or the giving of the recognizance can be postponed until the advancements are ascertained.

After the partition has been had a petition can be presented to the orphans' court for an auditor to ascertain what advancements, if any, have been made to the heirs; and then the rights of all the parties in interest can be maintained and preserved. All the evidence can then be heard before him, and his conclusions, if sustained, will be binding upon the parties.

This is the orderly way to ascertain advancements; and for that reason while we say there is evidence to go to an auditor to establish that Thomas has been advanced, yet we studiously refrain from saying that it is sufficient to establish the fact, but leave that question until it properly arises before us in an orderly and proper manner.

And now April 16, 1880, the exceptions are overruled and the stay of proceedings in partition heretofore awarded is vacated and set aside; and it is ordered that notice be given to the heirs and parties in interest to appear in court on the first day of next term at 2 o'clock P. M., to accept the real estate at the valuation

or show cause why the same should not be sold,—notice to be given in same manner as was ordered in case of the inquest. To which exceptors except and bill sealed.

The assignments of error specified the action of the court in overruling the exceptions and entering the decree.

*S. H. Orwig* and *J. M. Linn,* for appellants.—An inquest will be set aside for violation of any requisites necessary to make a complete and perfect application. Scott, Intestate Law, 391.

If there are any advancements made by decedent, to be considered in making the partition, they should be stated in the petition. Id. 386.

On all questions of advancement the orphans' court has exclusive jurisdiction. Id. 262, 263.

The inquest is not primarily for the purpose of appraising or fixing a valuation; but it contemplates the allotment of the purparts as land to the heirs and that each heir shall have his equal share of land as land, if it can be divided without injury to or spoiling the whole. Davis's Estate, 4 Legal Gaz. 77.

Here the petitioner was advanced in land more than a fifth of the real estate, more than a fifth of the whole estate; and a question arises whether he has an interest in the estate of decedent, which might be settled on distribution, if nothing else was involved than distribution; but here he forces an inquisition when he may have no right to any share or purpart of the real estate.

The act of assembly of April 8, 1833, § 16, P. L. 319, Purd. p. 933, pl. 35, requiring advancements of real and personal estate to be taken into account, can only be made effective by making this a preliminary question as to real estate.

On it appearing that Thomas has had his share no allotment can be made to him. Partition is not simply to bring the estate to sale, but the heirs' first right is to take the several purparts under the act.

The acts of assembly relating to partitions do not contemplate issuing a writ between tenants in common of an undivided portion of the land. This is obvious from the fact that the law bestows upon the inquest, who are to act on the *breve de partitione facienda,* the right and duty to express an opinion as to whether the land held as tenants in common is specifically the subject of division into parts, according to the judgment which has ascer-

tained the rights of the parties, or that it cannot be divided without prejudice to or spoiling the whole. Act of April 11, 1799, § 2.

There can be no such thing as an actual division of an undivided portion; the object of setting out in severalty the part or purpart of each tenant cannot, in any case like this, be reached. Sweeny v. Meany, 1 Miles, 167.

All the provisions in the act of assembly which have given the orphans' court jurisdiction in partition are adapted to the simple case of an intestacy, where an estate is not held jointly, or in common by the intestate with a stranger; or a several or an adverse estate by any of the children. Where, however, one of the children disclaims to hold, jointly, or in common with the rest, a difficulty arises which the power of the orphans' court is inadequate to remove. But the tenure which is the basis of every partition must be established by judicial decision; and the court of common pleas is competent alone to establish it. Re Eell, 6 Pa. 459.

*Dill & Beale* for appellee.

Per Curiam:

The fact that one of the heirs has received an advancement is no insuperable obstacle to a partition of the other lands of the decedent. In the distribution of the proceeds of the land the question of advancements can be inquired into and ascertained. Therefore this decree is affirmed, on the opinion of the learned judge below.

Decree affirmed and appeal dismissed, at the costs of the appellants.